UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DERRICK WHITE, an
individual

        Plaintiff,                        Case No. 1:23-cv-

vs.

COGNEX CORPORATION., a
corporation

        Defendant.

---

William F. Piper (P38636)
William F. Piper, PLC.
*Attorney for Plaintiff*
1611 W. Centre Ave., Suite 209
Portage, MI 49024
(269) 321-5008
wpiper@wpiperlaw.com

---

## COMPLAINT

       The plaintiff, Derrick White, by and through his attorney William F. Piper, PLC, for his complaint, states as follows:

## JURISDICTIONAL ALLEGATIONS

1.      The plaintiff Derrick White is an African American man who lives in the City of Howard City, County of Montcalm, State of Michigan.

2.      The defendant Cognex Corporation is a corporation headquartered in Tennessee that had an office in the City of Grand Rapids, County of Kent, State of Michigan, at all times relevant to this complaint.

3.      This lawsuit arises out of the plaintiff's employment by the defendant and its termination of that employment by it on March 7, 2022.

1

4.      The E.E.O.C. issued a right to sue letter to Mr. White dated July 19, 2023.

5.      This lawsuit arises under 42 USC §1981, 42 USC §1981(a), and Title VII of the Civil

Rights Act of 1964, as amended.

6.      Jurisdiction arises under 28 USC §1331 and 28 USC §1337.

7.      This case contains supplemental claims arising out of the same transactions and

occurrences as the federal law claims.

**COMMON ALLEGATIONS**

8.      The plaintiff restates and realleges as though fully set forth herein paragraphs 1-7 of this

complaint.

9.      In March 2019 the defendant hired Mr. White to work for it as a senior technical trainer for

it to work in the Logistics Department.

10.     Mr. White was assigned to work at an office in Grand Rapids, and he was the only African

American who reported to his supervisor.

11.     Mr. White's supervisor was never friendly with Mr. White and seemed uncomfortable

around him.

12.     After the 2020 presidential election Mr. White's supervisor found out that Mr. White had

voted for Biden for president, and the supervisor became hostile and belligerent to him, and he

told him that Trump was coming back, and he did so in a hostile and not joking manner.

13.     Thereafter the defendants supervisor became even more unfriendly to him.

14.     The supervisor of Mr. White unfairly criticized him for things Mr. White had been asked

to do that he had not been trained to do.

15.     Mr. Whites supervisor was more patient with, and gave more training and latitude to, Mr.

White's white colleagues.

16.     On January 21, 2022, Mr. White observed sexual harassment of a female employee by a

male employee on the trip back to the airport in Phoenix Arizona to catch return flights home.

17.    The woman who was subjected to the sexual harassment complained about it to the defendant, upon information and belief.

18.    Mr. White provided a statement to the Human Resources Department of the defendant supporting the woman's sexual harassment complaint.

19.    The man that the woman accused of sexual harassment was fired as a result of the woman's complaint and Mr. White's statement in support of her complaint, upon information and belief.

20.    On Friday 22, 2022, Mr. White had his performance evaluation with both his supervisor and the supervisor of his supervisor, the latter of which was a good friend of the man who had been terminated for sexual harassment.

21.    The defendant gave Mr. White unfounded and untrue criticisms of his performance on February 22, 2022, including criticisms the supervisor of Mr. White's supervisor had made, even though Mr. White had hardly any contact with him.

22.    Mr. White presented a 27 page rebuttal to the unfounded and untrue allegations.

23.    The defendant treated Mr. White differently in his review from similarly situated white employees regarding training, performance and opportunities.

24.    Without giving Mr. White an opportunity to improve, the defendant terminated Mr. White's employment by it on March 7, 2023.

25.    The reasons asserted for terminating Mr. White's employment were pretexts.

26.    After terminating the employment of Mr. White the defendant did not hire another African American to work under the supervisor of Mr. White's supervisor, upon information and belief.

27.    As a result of the discrimination and retaliation set forth above, Mr. White has suffered and will continue to suffer a loss of income and benefits, a loss of earnings capacity, a loss of enjoyment of life, shock, insult, frustration, a sense of injustice, a feeling of helplessness, emotional distress

and other consequential damages.

## COUNT I – RACE DISCRIMINATION

28.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-27 of this

complaint.

29.     The defendant terminated Mr. White's employment because of his race.

30.     The reasons asserted by the defendant for his termination were a pretext.

31.     As a result of the discrimination set forth above, the plaintiff  has suffered and will continue

to suffer the damages set forth above.

32.     These claims are actionable under Title VII of the Civil Rights Act of 1964,  as amended,

42 USC § 1981, 42 USC § 1981a, and the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et. seq.*

        WHEREFORE, the plaintiff requests a judgment against the defendant that would include

back pay, instatement in an appropriate position and other equitable relief, including front pay,

compensation for all non economic damages, compensation for all other consequential and

incidental damages, punitive damages, costs, interest, attorneys fees under 42 USC § 1988,

attorneys fees under the Elliott-Larsen Civil Rights Act, and any other relief this Court deems

fair and just.

## COUNT II -RETALIATION

33.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-32 of this

complaint.

34.     The defendant terminated Mr. White's employment by it in retaliation against him because

of his support of the sexual harassment complaint filed by his colleague and because he reported

sexual harassment to the defendant.

35.     This claim is actionable under the Elliott-Larsen Civil Rights Act, MCL 37.2701.

36.     As a result of the conduct set forth above, Mr. White has suffered and will continue to

suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment against the defendant that would include back pay, instatement in an appropriate position and other equitable relief, including front pay, compensation for all non economic damages, compensation for all other consequential and incidental damages, punitive damages, costs, interest, attorneys fees under 42 USC § 1988, attorneys fees under the Elliott-Larsen Civil Rights Act, and any other relief this Court deems fair and just.

Dated: October 17, 2023                          WILLIAM F. PIPER, PLC.
                                                             Attorney for Plaintiff

                                                 By:    /s/ William F. Piper
                                                        William F. Piper (P38636)
                                                 BUSINESS ADDRESS:
                                                        1611 West Centre Ave., Ste 209
                                                        Portage, Michigan 49024
                                                        Phone: 269.321.5008
                                                        Fax: 269.321.5009